UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GARRISON SYSTEMS, LLC,

Plaintiff,

v. Case No: 2:26-cv-389-SPC-KRH

GUERRILLA MARKETING FOR SMALL BUSINESSES, INC.; RWFWP, INC.; ANDREW OGDEN; ROBERT D. WARING,

Defendants.

---

# OPINION AND ORDER

Before the Court is Defendants Guerrilla Marketing for Small Businesses, Inc. ("Guerrilla Marketing") and Andrew Ogden's (collectively "Defendants") Renewed Motion to Dismiss. (Doc. 58). Plaintiff opposes. (Doc. 52).[1] For the below reasons, Defendants' motion is granted in part and denied in part.

[1] The Court entered a Show Cause Order (Doc. 74) after Plaintiff failed to file a response to Defendants' renewed motion. In its dismissive response to the Order, (Doc. 76), Plaintiff assumed an amended response was not required since the motion was substantively identical. Plaintiff is mistaken. After the Court struck the Defendants' first motion (Doc. 47), Plaintiff's response was to a non-existent document. So, while the Court will consider Plaintiff's response (Doc. 52) this time, it will not extend the same courtesy again.

## BACKGROUND[2]

This case arises from the improper use of copyrighted photos owned by Garrison Systems, LLC ("Garrison Systems"). Garrison Systems designs, manufactures, sells, and installs flood control systems. (Doc. 31 ¶ 1). The flood control systems are sold on Garrison Systems' website, where photos showcase the products themselves and their use. (*Id.* ¶¶ 24–25). Garrison Systems currently holds five copyright registrations for some of the photos it uses to market the products. (*Id.* ¶¶ 39–43).

This lawsuit, however, is not the only lawsuit Garrison Systems pursued for similar violations. In 2025, Garrison Systems sued Robert Waring and Floodwater Pros, Inc. for using similar materials. (*Id.* ¶¶ 44–45). While the minutiae of that case is not important, it is sufficient to note that Garrison Systems obtained a permanent injunction against Waring and Floodwater Pros, Inc. (*Id.* ¶ 46). The injunction prevented Waring and Floodwater Pros, Inc. from, among other things, "using, posting, or displaying any of Garrison [Systems'] photographs, trade dress," etc. (*Id.*).

Apparently displeased by their inability to continue using the photos, Waring, along with his co-conspirators, planned to circumvent the injunction.

[2] The Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to" Plaintiff. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009).

The conspiracy went something like this. Waring dissolved Floodwater Pros, Inc., whose assets eventually wound up with Fortress Flood Protection Inc. ("Fortress"). (*Id.* ¶¶ 49, 81–82). Waring then formed RWFWP, Inc., which later applied for a fictitious name registration under "FLOOD WATER PROS." (*Id.* ¶¶ 54, 57). These companies then hired Guerrilla Marketing and Ogden to develop Fortress' website, which sold flood control systems similar to Garrison Systems'. (*Id.* ¶ 92).

To create Fortress' website, Guerrilla Marketing and Ogden copied Garrison Systems' copyrighted photos either from Garrison Systems website or via a Google search.[3] (*Id.*¶¶ 104–05). While viewing Garrison Systems' website, Guerrilla Marketing and Ogden had access to the Terms of Service & Sale (the "Terms"). (*Id.* ¶¶ 31, 201). The Terms were hyperlinked, underlined, and readily accessible on every page. (*Id.*). By using the website, users agreed not to reproduce, duplicate, copy, or otherwise exploit the website's content without Garrison Systems' express permission. (*Id.* ¶ 29). The Terms further prohibited using the content for unlawful purposes, *e.g.*, infringing Garrison Systems' intellectual property and providing misleading information. (*Id.* ¶ 30).

[3] Plaintiff also alleges Waring and RWFWP engaged in similar behavior. (Doc. 31 ¶¶ 96–98).

Garrison Systems now brings this lawsuit to enjoin the use of Garrison Systems' copyrighted materials and to seek damages.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss, a complaint needs sufficient factual allegations, accepted as true, to show the claim is plausible on its face. *Caterpillar Fin. Servs. Corp. v. Venequip Mach. Sales Corp.*, 147 F.4th 1341, 1346 (11th Cir. 2025). To be facially plausible, the plaintiff must plead facts that permit a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 1347. Courts draw on their judicial experience and common sense to determine whether a complaint states a plausible claim. *Id.* The Court conducts a two-step process for a motion to dismiss. First, it determines what must be pled for each cause of action. *Id.* Next, the Court considers whether the well-pleaded factual allegations plausibly suggest an entitlement to relief. *Id.*

## DISCUSSION

Guerrilla Marketing and Ogden launch an array of arguments that they contend warrant dismissal. (Doc. 58). The Court addresses each in turn.

**A. Shotgun Pleading**

Defendants first argue the First Amended Complaint is a shotgun pleading. (Doc. 58 at 6–7). According to Defendants, it is "impossible to know what each defendant is actually accused of doing," because the First Amended Complaint improperly asserts omnibus allegations. (*Id.*). This is not so.

Courts have long been fighting against complaints that violate either Rule 8(a)(2) or Rule 10(b), or both. The complaints are often called "shotgun pleadings." *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Of the four categories of shotgun pleadings, Defendants contend the First Amended Complaint commits the sin "of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions[.]" *Id.* at 1321. This failure is only fatal where it results in a complaint that fails to give each defendant "adequate notice of the claims against it." *See C.S. v. Wyndham Hotels & Resorts, Inc.*, 538 F. Supp. 3d 1284, 1293 (M.D. Fla. 2021).

The First Amended Complaint provides sufficient detail to identify what Guerrilla Marketing and Ogden are accused of. According to Plaintiff, Waring and RWFP hired Guerrilla Marketing and Ogden to develop Fortress' website

and other marketing materials. (Doc. 31 ¶ 92). As part of their work, Guerrilla Marketing and Ogden copied and saved copyrighted images from Garrison Systems' website, or via a Google search, which were later used to advertise Fortress' goods and services. (*Id.* ¶ 104–05). True, the First Amended Complaint also accuses the other named defendants of similar actions, but that does not change the fact that Guerrilla Marketing and Ogden have adequate notice of the claims against them. So the First Amended Complaint is not a shotgun pleading.

**B. Federal Preemption**

Next, Defendants argue that Counts II-VII are preempted by the Copyright Act. (Doc. 58 at 7–11). Garrison Systems argues that the claims are not preempted because the deception at issue is not just copying pictures. (Doc. 52 at 5–8). The Court finds only three claims are preempted.

The Copyright Act preempts

> legal or equitable rights [under state law] that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103.

17 U.S.C. § 301(a). Thus, to determine whether a state claim is preempted, courts apply a two-part test. *See Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., LLC*, 596 F.3d 1313, 1325 (11th Cir. 2010). First, the Court determines whether the rights "fall within the 'subject matter of copyright' set forth in

section 102 and 103."[4] *Id.* (quoting *Crow v. Wainwright*, 720 F.2d 1224, 1225–26 (11th Cir. 1983)). If so, the Court then determines whether the rights "are 'equivalent to' the exclusive rights of section 106." *Id.* The rights are equivalent to the exclusive rights of section 106 when there is no *qualitatively* different "extra element . . . in addition to the acts of reproduction, performance, distribution or display. *See Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001). By answering both questions in the affirmative, the state claim is preempted. *Utopia Provider*, 596 F.3d at 1325.

As an initial note, Defendants overread what the scope of the Copyright Act preempts. It can preempt only *state* statutory or common law claims. *See Utopia Provider*, 596 F.3d at 1325. So, Counts III-IV, which assert Lanham Act claims, are not preempted.

Count II, on the other hand, is preempted. According to Garrison Systems, Defendants violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") by copying its copyrighted photos and presenting them to the public as if the products were their own. (Doc. 31 ¶¶ 149–61). These allegations, however, are the core of what section 106 protects—i.e., reproduction and display. *See Lipscher*, 266 F.3d at 1311. Simply because customers might be confused about the origin or source does not *qualitatively*

[4] Plaintiff's response appears to dispute that the materials at issue do not fall within the subject matter of copyright. (Doc. 52 at 6). However, they offer no meaningful arguments as to why. So the Court will treat the first prong as satisfied.

change the fact that Plaintiff seeks to enforce its copyright rights. *See Wicked Grips, LLC v. Badaan*, No. 8:21-cv-2131-KKM-SPF, 2022 WL 2238864, at *6 (M.D. Fla. June 22, 2022) (finding that passing off plaintiff's designs as their own is not qualitatively different from enforcing copyright rights); *Appjigger GmbH v. BLU Prods., Inc.*, No. 15-22313-CIV-WILLIAMS, 2016 WL 419720, at *5 (S.D. Fla. Mar. 7, 2016) (dismissing a FDUTPA claim because defendants using photos to enhance their brand or increase sales did not qualitatively change the rights being enforced); *Marc Anthony Builders, Inc. v. Javic Props, LLC*, No. 8:11-CV-00432-EA-K-A-EP, 2011 WL 2709882, at *4 (M.D. Fla. July 12, 2011) (dismissing FDUTPA claim after plaintiff failed to distinguish it from the copyright claim); *Cmty. Health Ctrs., Inc. v. Diamonddog Servs., Inc.*, No. 6:23-cv-2426-JA-EJK, 2024 WL 3278579, at *4 (M.D. Fla. July 2, 2024) (dismissing FDUTPA claim where the heart of the claim was copying a website and passing it off as defendants' own).

The same goes for Count V. Garrison Systems alleges that by misappropriating the images the Defendants obtained unjust profits and reputational gains. (Doc. 31 ¶¶ 189–99). Again, these allegations show nothing more than an "act[] of reproduction, performance, distribution or display." *Foley*, 249 F.3d at 1285. Simply displaying the photo and holding it out as the Defendants' product is insufficient to establish this extra element. *See Appjigger GmbH*, 2016 WL 4119720, at *5 (dismissing an unjust

enrichment claim based on featuring plaintiffs' software images in defendants' advertising to improve product's image and commercial benefits). So, Count V is preempted.

As is Count VII. Plaintiff alleges in broad strokes that all defendants "conspired and agreed with each other . . . to commit the unlawful acts and purposes described in this complaint." (Doc. 31 ¶ 213). As with Counts II and V, Count VII is also preempted because the heart of this case is the alleged unlawful copying of copyrighted material (as well as other material that falls within the subject of the Copyright Act). Without a qualitatively different claim, it is clear Count VII is a copyright claim that already permits vicarious liability. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). So, Count VII is preempted. *See, e.g.*, *Kobi Karp Architecture & Interior Design, Inc. v. RG Mich. 2014 LLC*, No, 18-21079-Civ-Scola, 2021 WL 4819903, at *6 (S.D. Fla. 2021) (collecting cases); *Poet Theatricals Marine, LLC v. Celebrity Cruises, Inc.*, 515 F. Supp. 3d 1292, 1305–06 (S.D. Fla. 2021) (holding that the civil conspiracy claim was preempted by the Copyright Act); *Wilson v. Kelly*, No. 1:18-CV-05014-JPB, 2021 WL 4242363, at *4 (N.D. Ga. Jan. 27, 2021) (collecting cases).

Count VI, however, is not preempted. This is because the cause of action arises from violating a contract, not the Copyright Act. The existence of a valid contract satisfies the extra element test because it affects the rights between

the contracting parties outside the Copyright Act. *See Utopia Provider*, 569 F.3d at 1326–27; *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1318–19 (11th Cir. 2001). So, Count VI is not preempted.

**C. Fail to State a Claim**

This leaves Garrison Systems with Count I (Copyright Infringement), Count III (False Designation of Origin/Unfair Competition), Count IV (False Advertising/Unfair Competition), and Count VI (Breach of Contract). Defendants contend that Garrison Systems failed to state any of its remaining claims. (Doc. 58 at 11–25). The Court addresses each claim below.

*1. Copyright Infringement*

Count I alleges that Defendants infringed Plaintiff's copyright by copying and displaying Plaintiff's photos on Defendants' website. (Doc. 31 ¶¶ 130–148). Defendants argue that Plaintiff failed to state a claim because it failed to allege (1) when the infringement occurred, (2) facts establishing any copying by Guerrilla Marketing and Ogden, and (3) damages. (Doc. 58 at 11–12). Plaintiff contends that neither the timing nor damages are required at this stage and that copying was sufficiently pleaded. (Doc. 52 at 4–5). The Court finds Plaintiff stated its copyright infringement claim.

To state a copyright infringement claim, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *See Latimer v. Roaring Toyz, Inc*, 601 F.3d 1224, 1232–

33 (11th Cir. 2010) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Plaintiff need not allege the timing of the infringement to state a claim. *See Arbitron Inc. v. Renda Broad. Corp.*, No. 3:13-cv-716-J-34JRK, 2014 WL 1268587, at *3 (M.D. Fla. Mar. 27, 2014) (citing *Latimer*, 601 F.3d at 1232–33). To be sure, it would be helpful for Defendants to know when the alleged infringement occurred, as no copyright infringement can exist before registration. *See* 17 U.S.C. § 411(a). However, such an argument is better suited to the summary judgment phase.

The same goes for damages. Other courts at the motion to dismiss stage have not considered damages. *See Beckman v. Regina Caeli, Inc.*, 752 F. Supp. 3d 1346, 1374–76 (N.D. Ga. 2024); *TracFone Wireless, Inc. v. Zip Wireless Prods., Inc.*, 716 F Supp. 2d 1275, 1284 (N.D. Ga. 2010). In fact, Defendants cite no cases which a court dismissed for failure to plead damages. (Doc. 58 at 12–13). In any event, Plaintiff sufficiently alleged "lost sales, lost licensing fees, loss of goodwill, harm to reputation, and other harms." (Doc. 31 ¶ 146). So, this argument fails too.

Regarding copying, the allegations are clear. Plaintiff alleges that both Ogden and Guerrilla Marketing "copied and saved images, designs, work product, and other proprietary material from Garrison's website," and used those images in their marketing materials. (Doc. 31 ¶¶ 104–07). This is

sufficient for purposes of the 12(b)(6) motion. *See Beckman*, 752 F. Supp. 3d at 1376; *Smith v. Casey*, No. 1:12-cv-23795, 2014 WL 11878422, at *7 (S.D. Fla. Oct. 29, 2014) (denying a motion to dismiss when there were allegations that defendants had access to copyrighted work and used it without authorization). So, Plaintiff plausibly alleges its copyright infringement claim.

*2. Lanham Act*

Counts III and IV allege eerily similar claims under the Lanham Act. Effectively Plaintiff claims Defendants falsely designated the origin of and falsely advertised their products by using Garrison's images and website content. (Doc. 31 ¶¶ 162–88). Guerrilla Marketing and Ogden argue that the United States Supreme Court case *Dastar Corporation v. Twentieth Century Fox Film Corporation*, 539 U.S. 23 (2003), bars Counts III and IV from proceeding. (Doc. 58 at 17–21). Plaintiff, however, contends Defendants overread *Dastar*. (Doc. 52 at 10–14). Specifically, Plaintiffs contend *Dastar* is limited to claims of authorship, the sale of goods, and to false designation claims. (*Id.*).

Section 43(a)(1) of the Lanham Act provides a private cause of action for false designation of origin and false advertising. 15 U.S.C. § 1125(a)(1). False designation of origin typically occurs through "passing off" or "reverse passing off." Passing off "occurs when a producer misrepresents his own goods or services as someone else's." *Dastar*, 539 U.S. at 28, n.1 (internal quotation

marks omitted). Conversely, reverse passing off occurs when a "producer misrepresents someone else's goods or services as his own." *Id.* False advertising, by contrast, creates liability for the commercial advertising that "misrepresents the nature, characteristics, or geographic origin" of goods. 15 U.S.C. § 1125(a)(1)(B).

Regardless of the subsection Plaintiff relies on, the outcome is the same. Plaintiff's Lanham Act claims are directed at the same conduct as its copyright infringement claim—*i.e.*, the unlawful copying and presentation of copyrighted images on another website. (*Compare* Doc. 31 ¶¶ 130–48 *with* Doc. 31 ¶¶ 162–88). Extending the Lanham Acts protection to these photos rather than tangible goods would create some perpetual copyright that is impermissible. *See Dastar*, 539 U.S. at 37. Nor does it matter that both goods and services are at play because other courts agree the Lanham Act does not protect the unaccredited use of another's photographs for the sale of goods or services. *See Barn Light Elec. Co., LLC v. Barnlight Originals, Inc.*, No. 8:14-cv-1955-MSS-AEP, 2016 WL 7135076, at *9 (M.D. Fla. Sept. 28, 2016) (collecting cases). Since the photos are really protected, if at all, under the Copyright Act, the Court finds any amendment to Counts III and IV is futile. So, Counts III and IV are dismissed with prejudice.

*3. Breach of Contract*

Count VI alleges Defendants breached their browsewrap agreement by visiting Garrison Systems' website and copying its material. (Doc. 31 ¶¶ 200–11). Defendants, however, contend Plaintiff failed to plead necessary facts showing Defendants either knew of or agreed to the Terms. (Doc. 58 at 22–24).

Florida law recognizes two types of web-based contracts: (1) clickwrap agreements and (2) browsewrap agreements. *See Miami Dolphins, Ltd. v. Engwiller*, 410 So. 3d 685, 688–89 (Fla. Dist. Ct. App. 2025). A browsewrap agreement occurs when a website "merely provides a link to the terms and conditions and does not require the purchaser to click an acknowledgement[.]" *Vitacost.com, Inc. v. McCants*, 210 So. 3d 761, 762 (Fla. Dist. Ct. App. 2017). Because they do not require acknowledgment, browsewrap agreements are held to a heightened burden. *See Miami Dolphins*, 410 So. 3d at 689. These agreements are enforceable only where "the purchaser has actual knowledge of the terms and conditions, or when the hyperlink to the terms and conditions is conspicuous enough to put a reasonably prudent person on inquiry notice." *Id.* (quoting *MetroPCS Commc'ns, Inc. v. Porter*, 273 So. 3d 1025, 1028 (Fla. Dist. Ct. App. 2018)).

This is a close call. Plaintiff's factual allegations are sparse. The allegations that the Terms are "both readily accessible" and "conspicuous," (Doc. 31 ¶ 201), are conclusory because they merely recite the burden plaintiffs

must meet. *See Twombly*, 550 U.S. at 555. Even where there are allegations that the Terms were provided via an underlined hyperlink at the bottom of every page, these are insufficient. (Doc. 31 ¶ 31). There must be more than simply underscoring the hyperlinked text to make it sufficiently set apart from the surrounding text. *See Miami Dolphins*, 410 So. 3d at 690 (collecting cases). So, Count VI is dismissed without prejudice for failure to state a claim.

Accordingly, it is

**ORDERED:**

Defendants Guerrilla Marketing and Ogden's Renewed Motion to Dismiss (Doc. 58) is **GRANTED IN PART AND DENIED IN PART.**

(1) Counts II, V, and VII are **DISMISSED WITH PREJUDICE** as they are preempted by the Copyright Act.

(2) Counts III and IV are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

(3) Count VI is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file a Second Amended Complaint **on or before October 27, 2026**. Failure to comply with this Order may result in the case being dismissed without further notice.

(4) The Clerk shall withhold judgment until the conclusion of the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 13, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record